**Rong Mei LIU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

No. 03–4589.

United States Court of Appeals,
Second Circuit.

Jan. 13, 2006.

Theodore N. Cox, New York, New York,
for Petitioner.

Christie V. Newman, Assistant United
States Attorney, for Jonathan S. Gasser,
Acting United States Attorney, District of
South Carolina, Columbia, South Carolina,
for Respondent.

PRESENT: Honorable AMALYA L.
KEARSE, Honorable REENA RAGGI,
Circuit Judges. and Honorable JANE A.
RESTANI,[1] Chief Judge, U.S. Court of
Int'l Trade.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,

1. The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

AND DECREED that the petition for review of the February 26, 2003 order of the Board of Immigration Appeals ("BIA") is hereby DENIED.

Petitioner Rong Mei Liu, a native of China, asserts that she has suffered and, if returned to China, will suffer political persecution as a result of her opposition to state family planning policies. She submits that the BIA erred as a matter of law in summarily upholding the August 5, 1999 decision of an Immigration Judge ("IJ") denying her applications for asylum and withholding of removal upon a finding that her claim of persecution was not credible. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where, as in this case, the BIA "adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). We will not disturb the findings of the IJ if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) *(per curiam)* (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Indeed, "[w]hen a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard," *Zhang v. United States INS,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)), provided the IJ has not misstated the record and has given specific, cogent reasons for the credibility ruling, thereby demonstrating that it is not based on bald speculation or caprice, *see id.* at 74; *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The IJ in this case specifically acknowledged his responsibility to provide cogent reasons for finding Liu not credible and proceeded to do so. To the extent Rong Mei Liu challenges his findings, her arguments are unconvincing.

█ At the heart of petitioner's claim that she feared persecution—specifically, forcible sterilization—if returned to China was her claim that, after giving birth to two children in that country, government authorities had forced her to abort a third pregnancy. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003) (noting that "past persecution sets up a rebuttable presumption of a well-founded fear of future persecution"). In concluding that petitioner was not credible, the IJ cited a material inconsistency between her 1999 hearing testimony regarding this forced abortion and her initial 1992 asylum application, which made no mention of any abortion. Petitioner does not dispute this omission or ascribe it to any misunderstanding in translation. Rather, she acknowledges omitting the claimed abortion from her initial application, explaining that the application preparer had told her that she could not rely on facts for which she lacked documentary support. Petitioner faults the IJ for failing to give due consideration to this explanation. In fact, however, the record shows that the IJ did consider petitioner's account and concluded that it was itself inconsistent with the abortion certificate that she had produced at her asylum hearing, which was issued in 1989, several years before the asylum application. In short, because petitioner's explanation for omitting a claimed forced abortion from her 1992 asylum application

did not bear close scrutiny, that fact constituted a cogent reason for the IJ to discredit her 1999 testimony about such an abortion.

Petitioner submits that her abortion claim was supported by a psychiatric report concluding that she suffered from depression related to the abortion. She faults the IJ for failing to reference this report. We are not convinced this purported omission warrants granting her petition for review. We have never required that the IJ, or the BIA, specifically rule on the credibility or relevance of each piece of documentary evidence submitted. *See* 8 C.F.R § 1240.33(d) ("An adverse decision will state why asylum or withholding of deportation was denied."); *see also Morales v. INS,* 208 F.3d 323, 328 (1st Cir. 2000) (rejecting claim that IJ must discuss each piece of evidence). Certainly, the psychiatrist had no independent, direct knowledge of the cause of petitioner's depression. His sole source of information was petitioner herself, who did not consult with him until 1997, five years after filing the asylum application that made no mention of an abortion. Under these circumstances, the IJ's failure to reference the psychiatric report does not demonstrate a failure to consider the petitioner's factual allegations regarding an abortion. *Cf. Jin Shui Qui v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003).

Additionally, in finding petitioner not to be credible, the IJ noted that a forensics report cast doubt on the authenticity of the marriage certificate that she offered into evidence. On the totality of this record, we cannot conclude that the IJ was compelled to credit her account of past persecution or her fear of future persecution.

█ Petitioner also contends that due process required the BIA to consider additional documents submitted on appeal regarding the translation of household

registers. The argument fails because petitioner submitted these documents without explaining their relevance or moving to remand for further consideration by the IJ as required by 8 C.F.R. § 1003.1(d)(3)(iv). In any event, the documents did not specifically relate to the forced abortion or feared sterilization that were the basis for her request for relief from removal.

Rong Mei Liu's petition to review the BIA's February 26, 2003 order is hereby DENIED.